May Term,
1846.

CONARD
v.
DOWLING.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*D. Mace* and *A. M. Crane*, for the appellant.

*R. C. Gregory*, for the appellee.

---

## CONARD and Another *v.* DOWLING.

*Vide* syllabus in the case of *Conard et al.* v. *Dowling, ante*, vol. 7, p. 481.

Assumpsit on a promissory note. Plea, that the note was given for a certain newspaper and printing establishment, which the plaintiff, at the time the note was given, sold to the defendant for five dollars in hand and for two thousand dollars, for which last-named sum the said note and others were given; that the plaintiff had not, at the date of the note, nor has he now, any title to said property; wherefore the consideration of the note has wholly failed. *Held*, that the plea was bad.

If the defendant tender an immaterial issue, and it be found against him, he has no right to a repleader.

*Wednesday,*
*May 27.*

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit, brought by *Dowling* against *Conard* and *Harris*, on a promissory note for 200 dollars.

There are five pleas.

There was a replication to the first plea, a rejoinder to the replication, and a demurrer to the rejoinder. The demurrer

was sustained. This plea, replication, and rejoinder, are similar to the second plea, replication, and rejoinder, in a case between these same parties, decided May term, 1845. The replication in that case was held to be good, and the rejoinder bad. We adhere to that opinion.

The second plea is as follows: That the note sued on was given in part payment for a certain newspaper and printing establishment, which the plaintiff, at the time the note was given, sold to the defendants for five dollars in hand, and for two thousand dollars, for which last-named sum the said note and others were given; that the plaintiff had not, at the date of the note, nor has he now, any title to said property; wherefore the consideration of the note has wholly failed.

There was a replication to this plea, a rejoinder to the replication, and a demurrer to the rejoinder. The demurrer was sustained.

It must be presumed from this plea, that the possession of the property sold was delivered to the defendants; and it is obvious that they cannot retain that possession, and, at the same time, refuse to pay the price. If the plea had shown, that, within a reasonable time after the plaintiff's want of title was discovered, the defendants had tendered back the property, it would have deserved more consideration.

The plea does not state that the plaintiff warranted the title, or knew that he had none, to the property. The law in *England* seems to be settled, that where there is no such warranty or fraud, the want of title in the seller is no ground of action for the purchaser. It was so decided in *Springwell* v. *Allen* and in *Paget* v. *Wilkinson*, 2 East, 449, note. And in a late case *Littledale*, J., said: "It has been held, that where a man sells a horse as his own, when in truth it is the horse of another, the purchaser cannot maintain an action against the seller, unless he can show that the seller knew it to be the horse of the other at the time of the sale; the *scienter* or fraud being the gist of the action *where there is no warranty;* for there the party takes upon himself the knowledge of the title to the horse and of his qualities." *Early* v. *Garret et al.* 9 B. & C. 928 (1). If that be the law, the plea now in question is bad; and if it be not the law, still the plea is bad on the ground that it contains no

May Term, 1846.

CONARD
v.
DOWLING.

allegation that the true owner had obtained the property, *Case* v. *Hall*, 24 Wend. 102, or that the same had been, at any time, tendered back to the plaintiff.

There was a replication to the third plea, and a rejoinder denying the replication and tendering an issue to the country, which was joined. This issue was submitted to the Court, and judgment thereon rendered for the plaintiff. The defendant contends that this issue was immaterial; but if that be so, still he is bound by the judgment. As he tendered the issue himself, he has no right to a repleader. Gould, 509 (2).

There was a replication to the fourth plea, a demurrer to the replication, and the demurrer sustained. This plea is similar to the second plea in the former case between these parties before referred to, and the replication is similar to the one filed to said second plea. In the former case, the replication to the second plea was held to be valid, and we consider the replication now in question to be also valid.

The fifth plea is similar to the sixth plea in the former case, and is, as we held that sixth plea to be, insufficient.

*Per Curiam.*—The judgment is affirmed with costs.

*R. W. Thompson*, *C. W. Barbour*, and *J. H. Bradley*, for the plaintiffs.

*W. D. Griswold* and *J. P. Usher*, for the defendant.

(1) A pawnbroker sold at auction a harp as an unredeemed pledge. The pawnor had no right to the harp, and the buyer having restored it to its true owner, sued the seller on an implied warranty of title. *Held*, that the suit would not lie. *Morley* v. *Attenborough*, 18 Law J., Exch., 148.

(2) The doctrine that a repleader is never awarded in favour of the party who made the first fault in pleading, only applies where the immaterial issue is found *against* the party who committed the first fault. In a late case, there was a good plea in bar, but the replication was a denial of only an immaterial part of it, and the issue was found *for the plaintiff*. The defendant moved in arrest of judgment, but the motion was overruled and judgment given *quod partes replacitent*. The Court said the defendant had *no right to complain* of this course, for he was, in some degree, instrumental to it himself, by going down to trial upon an immaterial issue. *Atkinson* v. *Davies*, 11 M. & Welsb. 236, was cited by the Court to show, that the implied admission of the unanswered part of the plea did not warrant an arrest of judgment. And, as to the argument used at the bar, that a repleader was never awarded in favour of the party who made the first fault, the Court said that that doctrine only held where the immaterial issue was found *against* the party who made the first fault in pleading, as was stated, *arguendo*, in the case of *Kempe* v. *Crews*, 1 Ld. Raym. 167, for which the authorities were there cited; but that in the case then before them it could not apply, where the issue was found *in favour of* the plaintiff, who took it. *Gordon et al.* v. *Ellis et al.* 7 Mann. & Gr. 607.