Nov. Term,
1850.

LACKEY
v.
STOUDER.

---

LACKEY *v.* STOUDER.

In the sale of a chattel not in the possession of the seller, there is not an implied warranty.

The simple fact that a person is a seller of property not in his possession at the time of sale, does not disqualify him as a witness for the purchaser.

Wednesday,
December 4.

ERROR to the *Wayne* Circuit Court.

PERKINS, J.—*Stouder* sued *Lackey* in trover for a bay mare. Pleas—the general issue, property in the defendant, and property in one *Barnard.* Replications—*similiter* to the general issue, and general denials of the two other pleas. Issues. Trial by jury. Verdict and judgment for the plaintiff.

On the trial, the defendant offered as a witness, *Richard Barnard.* He was objected to on the ground of interest, and "it was proved to the satisfaction of the Court that said *Barnard,* before the alleged conversion of the mare, sold her to the defendant; but there was no evidence that said *Barnard* warranted the title of said mare to the defendant, unless the mere sale constituted a warranty." The Court excluded the witness.

*Barnard,* being the vender of the mare to the defendant, was not a competent witness for him, if, at the sale, he warranted the title. If he did not so warrant the title he was a competent witness, as no pretence of fraud is set up.

In this case there was no express warranty. What constitutes one by implication is not clearly settled by authority. See *Conard* v. *Dowling*, 8 Blackf. 38. But the authorities all concur that in the sale of a chattel not in the possession of the seller, there is not an implied warranty. 2 Kent, 478.—1 Greenl. Ev. s. 398. The simple fact, then, that a person is the seller of property not in his possession at the time of sale, does not disqualify him as a witness for the purchaser. In the present case, the bill of exceptions states that the Court excluded the witness on the fact of the "mere sale" of the property by him, excluding the existence of the additional fact of possession at the time of sale. This was erroneous See further on this subject, note 3, to section 398 of Greenleaf's Ev., *supra*, and the cases cited in that note.

We intimate no opinion on other questions made in the case, as they may not arise on another trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman*, for the plaintiff.