O'NEAL *v.* WADE.

In replevin, damages cannot be assessed beyond the amount claimed in the declaration.

The party, who by his pleading has tendered an immaterial issue, cannot have the judgment reversed because the case was tried on that issue, and the judgment was, therefore, not decisive of the merits.

To the declaration on a replevin-bond the defendant pleaded that the plaintiff ought not to maintain his action, because the suit in replevin was dismissed by agreement of the parties. *Held,* that the plea was bad: 1. Because it attempted to show a discharge of a specialty by parol; 2. Because the agreement would not include an agreement to dispense with a return of the property, without which the dismissal would itself be a breach of the condition of the bond.

*Thursday, June 3.*

ERROR to the *Washington* Circuit Court.

PERKINS, J.—Debt upon a bond given by a plaintiff in a replevin suit. Breach, that said suit was not prosecuted, &c., nor the property returned, &c. Damages claimed, 50 dollars.

The defendant pleaded that the suit on said bond ought not to be sustained, because, he said, said suit in replevin was dismissed from Court by the agreement of the parties thereto.

The plaintiff replied that said suit was not dismissed by the agreement of parties, but upon the sole suggestion and motion of the plaintiff therein, concluding to the country. Issue.

The cause was submitted to the Court for the trial of the issue, and for the assessment of damages in case the issue should be found for the plaintiff.

The Court found for the plaintiff and assessed damages in the sum of 163 dollars and 56 cents. Motions to set aside the assessment of damages, and for a new trial, were overruled, and final judgment was rendered upon the finding of the Court.

It is claimed that two errors in the proceedings below are apparent from the record, for which the judgment should be reversed.

1. It is said the Court erred in assessing damages in an amount beyond that laid in the declaration, and this

position we think well taken. It is certainly the general rule that the sum claimed in the declaration limits the amount to be recovered, and we see no reason which should make the present case an exception. 1 Chit. Pl. 372.—1 Swan's Pr. 186, note *n.—Watkins* v. *Morgan*, 6 C. and P. 661.

2. It is insisted that the plea was bad, the issue formed and tried immaterial, and, hence, the finding not decisive of the merits of the cause.

Supposing this to be true, the plaintiff in error could not have a reversal of the judgment on account of it, for the reason that he committed the first fault in pleading and the judgment was against him. Had it been for him, a repleader would have been awarded. *Conard* v. *Dowling*, 8 Blackf. 38.—*Ramsey* v. *Kochenour*, id. 325. As we reverse the case, however, upon another ground, and the reversal must extend back to the first error, an opinion should be expressed as to the validity of the plea; and we think it clearly bad for two reasons: 1. It attempts to set up a parol dispensation of an obligation evidenced by a sealed instrument. This cannot be done. *Woodruff* v. *Dobbins*, 7 Blackf. 582. 2. The agreement set up in the plea, even had it been under seal, would have constituted no bar to the action. That agreement was, according to the plea, that the suit of the plaintiff might be dismissed. The defendant in a suit would most generally be willing to agree that the plaintiff might dismiss it. But that agreement simply might not discharge the plaintiff from the consequences resulting from the dismissal. The plaintiff in replevin gives bond to prosecute the suit to a successful termination, or to return the property replevied. The object of the defendant is to defeat such successful prosecution. A dismissal of the suit is a failure to make such prosecution; and, if not accompanied by a return of the property, is a breach of the bond. Now, a simple agreement that the plaintiff might dismiss the suit, would not include an agreement to dispense with a return of the property.

May Term,      *Per Curiam.*—The judgment is reversed back to the
   1852.       rule to plead, with costs.   Cause remanded, &c.

Henry         *H. P. Thornton*, for the plaintiff.
   v.
Scott.        *R. Crawford*, for the defendant.