(Decided 22nd June, 1887.)

---

CHRISTIAN G. NICKEL and GUSTAVUS A. WEDEKIND, trading as M. WEDEKIND & Co. *vs.* CHARLES H. BLANCH and WILLIAM C. CODD.

### *Mechanics' lien—Release.*

Certain material-men contracted to furnish brick to be used in the erection of certain dwelling-houses in the City of Baltimore; some of said dwelling-houses being on Broadway, and others on St. Joseph street. A lien claim was filed on the 1st of December, 1885, against a house on Broadway. The first four items were for bricks delivered from the 8th of October, 1884, to the 4th of December, 1884; but there was another item for paving bricks delivered from the 10th of December, 1884, to the 16th of June, 1885. All the paving bricks furnished within six months prior to the filing of the lien claim were delivered at and used for the houses on St. Joseph street, and not for the house on Broadway, against which the lien

Nickel and Wedekind *vs.* Blanch and Codd.

claim was filed. On or about the 15th of October, 1885, the lienors released their lien claim against the houses on St. Joseph street. HELD:

That the lienors, having released all claims against the houses on St. Joseph street, could not enforce a lien against the house on Broadway for paving bricks furnished for the houses on St. Joseph street; the claim, as a lien for paving bricks furnished for the houses on St. Joseph street, had been extinguished by the release.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and BRYAN, J.

*Alfred S. Niles,* and *Oscar Wolff,* for the appellants.

The attaching of the lien does not depend upon the physical contiguity of houses built under one contract. The real question is not whether the houses are physically contiguous, but whether they are built as one operation, and the materials furnished under one contract. *Okisko Co. vs. Matthews,* 3 *Md.,* 168; *Treusch vs. Shryock & Clark,* 51 *Md.,* 173, 174; *Plummer vs. Eckenrode,* 50 *Md.,* 225.

Even where only one house is concerned, the controlling question is: Were the materials all furnished under *one* contract? *Watts vs. Whittington,* 48. *Md.,* 356.

And, indeed, if so furnished *bona fide* under the contract, the lien will be sustained, though the materials be not used in any house. *Treusch vs. Shryock & Clark,* 55 *Md.,* 333; *Watts vs. Whittington,* 48 *Md.,* 357.

· The case at bar is the case of fifteen houses, some of which were built on a front lot, and some almost directly in the rear, as one operation under one contract—a very common transaction in Baltimore City. There can be no doubt that the materials were all furnished under one contract.

Paving bricks were included in the contract, and will support a lien. *Wilson vs. Merryman,* 48 *Md.,* 331, 342 ; *Watts vs. Whittington,* 48 *Md.,* 353; *Baltimore City Code,* 1879, *Art.* 47, *Stat. II, p.* 989; *Baltimore City Code, Ordinance* 60, *p.* 1018.

On the 15th of October, 1885, four months after the last materials were furnished, the houses on St. Joseph street, including the one where the materials last furnished were used, were released from the appellants' lien, and the appellees contend that thereby the lien now sought to be enforced was destroyed.

In support of this contention the appellees cited *Wilson vs. Wilson,* 51 *Md.,* 159; and it was on this point and upon the authority of that case that they were sustained by the Court below.

This case establishes no such rule. The Court in that case decides that there was no sufficient evidence of any material being delivered for any of the four houses sought to be held, within six months before filing the claim. The *obiter dicta* of the Court, seeming to favor the appellees' view, must be considered as applying to the facts of that particular case.

These facts are totally dissimilar from the case at bar. In *Wilson vs. Wilson,* the lien was filed 15th of June, 1874, fourteen months after the release ; the release which was "for all material heretofore furnished, or *to be furnished,"* was executed 14th of April, 1873 ; the materials to sustain the lien must have been furnished on and after 15th of Dec., 1873, eight months *after* the date of the release.

In the case at bar the lien was filed 1st of December, 1885; the materials were furnished four months *before* the date of the release. During all this time a valid lien existed against each of the fifteen houses. *Franklin Ins. Co. vs. Coates,* 14 *Md.,* 285, 296.

In the case of *Wilson vs. Wilson,* by reason of the release, the lien never could have attached. Here it is

sought to destroy the effect of a lien which has existed for four months against this house by altering the *status* of another lien against a different and distinct house.

*John R. McFee*, for the appellees.

YELLOTT, J., delivered the opinion of the Court.

In the Circuit Court of Baltimore City, a bill was filed by the appellants against the appellees for the enforcement of a mechanics' lien. It is averred, in the said bill, that the plaintiffs contracted with the defendant, Blanch, to furnish brick to be used in the erection of fifteen dwelling houses, some of said houses being on Broadway and others on St. Joseph street. The lien claim, as filed, is against one of said buildings on Broadway. This claim was filed on the 1st day of December, 1885. The first four items are for bricks delivered from October 8th, 1884, to December 4th, 1884, or in other words, for materials delivered very nearly a year before the filing of the claim. But there is another item of $12.28 for paving brick delivered from December 10th, 1884, to June 16th, 1885.

There is an agreed statement of facts in the record, from which it appears that " all these said paving brick, furnished within six months prior to the filing of this lien claim, were delivered at and used for the houses on St. Joseph street, and not for the special use of the house against which this lien claim is filed." It also appears from the said agreed statement of facts that on or about the 15th of October, 1885, the plaintiffs executed a release in writing of their lien claim against the ten houses on St. Joseph street.

As a lien claim must be filed within six months after the delivery of the materials charged in the last item of the account, and, as the first four items are for materials delivered more than eleven months anterior to the filing of the claim which forms the foundation for these proceed-

ings, it is apparent that the vital question, now presented for determination, is, whether the appellants, having released all claims against the houses on St. Joseph street about six weeks before they commenced this suit, can now enforce a lien against the house on Broadway for paving brick furnished for the houses on the other street which they have released from all claims in the manner already mentioned.

This question has been considered and finally determined in the case of *Wilson & Son vs. Wilson, et al.*, 51 *Md.*, 160. In that case there was a bill filed to enforce a mechanics' lien for materials for four houses on Lexington street. One of these houses was released from all claims of lien for materials furnished or to be furnished, and this Court said :

"This clearly excepts that house from the operation of this lien, and has also the effect of releasing the other buildings from any charge or liability in consequence of any materials being furnished for it, either before or after the release."

The claim, as a lien for paving brick furnished for the houses on St. Joseph street, has been extinguished by the release. It no longer exists as a lien. It cannot, therefore, properly be included as an item in the lien claim against the house on Broadway. As the other items, in said claim, are for materials furnished more than eleven months before the institution of these proceedings for the enforcement of the alleged lien, the Court below, governed by the decision in 51 *Md.*, was clearly right in dismissing the bill and its decree should be affirmed.

*Decree affirmed, with*
*costs to appellees.*

(Decided 22nd June, 1887.)