No. 15,733.

## ADAMS ET AL. *v.* BUHLER ET AL.

MECHANIC'S LIEN.—*Notice.*—*Where Recorded.*—The notice of a mechanic's lien must be recorded in the "Miscellaneous Record Book" of the recorder's office. Elliott's Supp., section 1697.

SAME.—*Evidence of Contents of Notice.*—*Mechanic's Lien Record.*—The "Mechanics' Lien Record," where one is kept in the recorder's office, is not admissible to prove the contents of a notice of a mechanic's lien, unless it be shown that no proper record of such lien was made, that the original is lost, and that the copy in such record is a true copy.

SAME.—*Recording.*—To enforce a mechanic's lien it is sufficient to show that it was filed in the recorder's office, and the fact that it was not recorded will not defeat the enforcement of the lien.

SAME.—*Contents of Notice.*—*What Must Contain.*—Where the notice of intention to claim a mechanic's lien by a material man or sub-contractor is filed in the proper recorder's office, it is not necessary that such notice should contain a statement that the owner was notified by the claimant of his intention to secure a lien. Elliott's Supp., section 1690.

EVIDENCE.—*When Record of Instrument may be Used.*—The record of an instrument is effective for evidence only when such record is made by the proper officer and in the mode prescribed by law.

From the Adams Circuit Court.

*J. T. France, J. T. Merryman* and *E. A. Huffman,* for appellants.

*P. G. Hooper, E. G. Coverdale* and *J. J. M. La Follette,* for appellees.

ELLIOTT, C. J.—This case is in this court for the second time—*Adams* v. *Buhler,* 116 Ind. 100. It is now contended that the notice of an intention to hold a lien upon the real estate described is insufficient. Counsel say of the complaint: "We incline to think that it fails to show a sufficient notice filed with the recorder to constitute a lien against appellants' property, in that the notice having shown that the labor was performed for a contractor and not for the owner, we think it should have shown that the proper antecedent steps had been taken by notifying the appellants at or before the time of performing the labor." The contention

Adams *et al. v.* Buhler *et al.*

of counsel can not prevail. The law prescribes what the notice filed with the recorder shall contain, and it does not require it to state that the owner was notified that the material man or sub-contractor intends to secure a lien. Elliott's Supp., section 1690.

The sub-contractor or material man must, under the statute of 1883, notify the owner, but he is not required to state that fact in the notice filed with the recorder.

The appellants insist that the trial court erred in admitting in evidence the record of the notice given by the appellees. They support their position by the argument that the notice was not recorded in the proper record, inasmuch as it was recorded in the " Mechanics' Lien Record," and not in the " Miscellaneous Record." Their claim is that there is in law no such record as that first named. The appellees meet this argument by asserting that the filing of the notice creates the lien, and in this they are sustained by the case of *Wilson* v. *Hopkins*, 51 Ind. 231. But this assertion does not fully answer appellants' argument, for it may be conceded that the lien attaches when the notice is filed, and yet not necessarily follow that the record is admissible to prove the contents of the notice. Proving the filing and proving the contents of the notice are essentially different things. The question, therefore, is, was it competent to prove the notice by the entry in the Mechanics' Lien Record ? It is established that the recording of an instrument is effective only when the recording is made by the proper officer and in the mode prescribed by law. *Gossett* v. *Tolen*, 61 Ind. 388 ; *Wilson* v. *Hopkins*, supra ; *Deming* v. *State, ex rel.*, 23 Ind. 416 ; *Walter* v. *Hartwig*, 106 Ind. 123 ; *Brown* v. *Budd*, 2 Ind. 442. The statute by which this case is governed declares that the notice shall be recorded in the " Miscellaneous Record Book." Elliott's Supp., section 1697. As it was recorded in a different book, there is no record evidence that can take the place of the original instrument. We do not hold, nor mean to hold, that the appel-

lees have lost their lien, nor do we hold that they may not use the record as evidence in the event that the proper foundation is laid. What we hold is that the record is not primary evidence. We do not doubt that the lien may be enforced by proving the written notice required by the statute, but we are compelled to hold that the record book introduced by the appellees is not the source of primary evidence. If the appellees had shown the loss of the original instrument and that it was correctly copied in the record, they might have used the record as secondary evidence, but they can not use it without accounting for the original or best evidence. If the original notice had been introduced we should hold that the error in admitting secondary evidence was harmless; the notice, however, is not in the record, nor is there any legitimate evidence of its contents.

It is with reluctance that we reverse the judgment, but under the law we can not do otherwise.

Judgment reversed.

Filed March 31, 1892.