Adams *v.* Shaffer *et al.*

---

No. 15,734.

## ADAMS *v.* SHAFFER ET AL.

MECHANIC'S LIEN.—*Action to Foreclose.*—*What Notice Must Contain.*— *Notice to Owner Must be Proved.*—*Averment as to Notice in Complaint.*— Where material is furnished to a contractor, the notice of an intention to acquire a mechanic's lien, given under section 1690, Elliott's Supp. (Acts 1883, p. 141), need not contain a recital showing that notice had also been given to the. owner in accordance with section 5 of said act. In an action to foreclose the lien, however, it must be averred in the complaint and proved on the trial that such notice was given.

SAME—*Notice With Endorsement.*—*Admissible in Evidence.*—It was not error to admit in evidence the original notice with the endorsement made upon it by the recorder, showing that it was filed with him for record, and the time of such filing.

SAME.—*Recording of Notice in Wrong Record.*—*Evidence.*—*Harmless Error.*— While the notice of an intention to acquire a mechanic's lien is required to be recorded in the " Miscellaneous Record," and it was erroneous to admit in evidence an entry in what was denominated the" Mechanic's Lien Record " of the county, showing the record of the notice, still it was harmless error, as the controversy being between the immediate parties, and no question as to innocent third parties being involved, the lien was acquired by the filing of the notice and was not affected by the failure of the recorder to record it in the " Miscellaneous Record," or by his mistake in recording it in the " Mechanic's Lien Record," a record not known to the law.

From the Adams Circuit Court.

*J. F. France, J. T. Merryman* and *E. A. Hoffman,* for appellant.

*P. G. Hooper, E. G. Coverdale* and *J. J. M. La Follette,* for appellees.

McBRIDE, C. J.—The first paragraph of complaint in this case seeks the foreclosure of a mechanic's lien. Its sufficiency was challenged by demurrer, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the circuit court, and the appellant asks us to review that ruling. He insists that the paragraph is bad for two reasons.

*First.* He argues that the notice upon which it is based is insufficient. It is conceded that the notice is in substantial compliance with section 3 of the act of March 6, 1883, section 1690, Elliott's Supplement. The appellant insists, however, that because it appears from its terms that the material was furnished to a contractor, and not to the owner of the land, it should contain a further recital showing that notice had also been given to the owner in accordance with section 5 of the same act (section 1692, Elliott's Supplement).

In this the appellant errs. It was necessary to aver in the complaint and to prove on the trial the giving of such notice. It was not necessary that the notice filed should contain such recital. The averments in the complaint upon this point are full and explicit, showing the giving of the notice. This is sufficient. *Adams* v. *Buhler,* 131 Ind. 66.

The further ground upon which it is urged that this paragraph is defective is, that it " does not in any way connect the appellant with the erection of the building in question, and for which the labor and material were furnished, by any contract whatever, either express or implied," etc.

The position of the appellant is apparently this: That the labor and material for which the lien is claimed having been furnished to the contractor, and not to the owner of the land,

the complaint, to be sufficient to withstand demurrer, should show by express averment that the contractor was erecting it under contract with the owner.

Without conceding, or expressing any opinion as to the soundness of the position assumed by the appellant, it is sufficient to say that, fairly construing all of the averments of the complaint together, we think it is shown that the building was erected under contract with the owner, the appellant. In our opinion the circuit court did not err in its ruling on the demurrer.

On the trial the court permitted the appellee, over the objection of the appellant, to read in evidence the original notice, together with the endorsement on it, showing its filing with the recorder for record, and also an entry in what was denominated the " Mechanic's Lien Record " of the county, showing the record of the notice. The original notice was competent evidence, and the court did not err in admitting it. The endorsement upon it, made by the recorder, showing that it was filed with him for record, and the time of such filing, was also competent evidence to prove the fact of filing, and the time.

The statute requires a party wishing to acquire a mechanic's lien to file in the recorder's office a notice of his intention to hold such lien. Section 1690, Elliott's Supplement. Section 1691 requires the recorder to record the notice in the "*Miscellaneous Record.*" The law knows no such record as a " Mechanic's Lien Record."

The court erred in admitting in evidence an entry from a record thus designated. The lien, however, is acquired by filing the notice, and not by its record. *Wilson* v. *Hopkins,* 51 Ind. 231; *Adams* v. *Buhler, supra.*

The controversy here is between the immediate parties, and involves no question as to innocent third parties. As between the parties to this controversy, the lien was not only acquired by the filing of the notice, but it was not affected by the failure of the recorder to record it in the Miscellaneous

Record, or by his mistake in recording it in a record not known to the law. *Wilson* v. *Logue*, 131 Ind. 191.

The original notice, with its endorsement, showing it in fact properly and duly filed, being competent evidence, and properly admitted, the admission of the entry from the so-called "Mechanic's Lien Record," while erroneous, was harmless.

The only remaining question relates to the sufficiency of the evidence to sustain the finding.

The evidence is conflicting. We could only sustain the appellant in his controversy upon this point by weighing the evidence. This we can not do.

Judgment affirmed, with costs.

