## NICHOLSON v. SMITH.

[No. 8,793. Filed January 4, 1916.]

APPEAL.—*Review.*—*Evidence.*—*Weight and Sufficiency.*—The court can not weigh the evidence on appeal, so that where the evidence is conflicting and susceptible to more than one inference the judgment of the trial court will not be disturbed.

From Pike Circuit Court; *John L. Bretz*, Judge.

Action by William Nicholson against Rawleigh

Smith. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Frank E. Gilkison,* for appellant.

*Harry R. Lewis* and *Samuel M. Emison,* for appellee.

SHEA, J.—This was an action in replevin brought in the Knox Circuit Court by appellant Nicholson against appellee, and on a change of venue taken to the Pike Circuit Court. The complaint was in the usual form of replevin, asking for possession of the boat "Mary H", together with the engine and equipment. Appellee answered in three paragraphs; the first a general denial; the second averring in substance, that appellee bought the boat from one James Hobbs under the following written agreement:

"Whereas Wm. Nicholson is indebted to me in the sum of $200 interest thereon at 6% per annum from May 10, 1910, as shown by his promissory note of that date. And whereas the said Nicholson has turned over to me a certain boat, which boat is named 'Mary H.' as security for said debt. And whereas the said Nicholson has not paid said debt and redeemed said boat, although the said debt is long past due; and whereas the said Nicholson has authorized the undersigned to sell said boat, the proceeds thereof to be applied on said note and debt. Now by this instrument, because of the reasons above set forth, and the authority vested in me, I, the undersigned, sell and transfer to Rawleigh Smith the said boat 'Mary H.' for the sum of $140, the receipt of which is hereby acknowledged. In witness whereof, I have set my hand this 7th day of October, 1911.

James Hobbs."

That the boat was turned over to Hobbs by appellant to be his absolute property about May 22,

1911, to secure the note referred to in the agreement, with instructions to sell it and apply the proceeds on the note; that appellee bought the boat in good faith, for a valuable consideration, under these conditions. The third paragraph of answer is substantially the same as the second, except that it avers that the indebtedness was that of Sarah Hobbs, instead of James Hobbs, and that James Hobbs acted as her agent. Appellant filed a reply in general denial to the second and third paragraph of answer. A trial of the issues by the court resulted in a finding and judgment for appellee; that he was the owner of the boat, engine and equipment described in the complaint and entitled to possession together with costs.

The only error assigned for a reversal is the overruling of appellant's motion for a new trial, in support of which it is urged that the finding and decision of the court is not sustained by sufficient evidence, and is contrary to law. Appellant earnestly insists that the evidence does not sustain either of appellee's affirmative paragraphs of answer.

The evidence discloses that appellant was indebted to the wife of James Hobbs in the sum of $200, evidenced by a promissory note. Appellant was also the owner of certain boat known as "Mary H" which he turned over to James Hobbs. The purpose for which the boat was so delivered constitutes the chief point in dispute. Appellant testifies that he delivered the boat to Hobbs to be used by said Hobbs in hauling corn, the profits to be divided between them; that the boat was not to be sold without appellant's consent. Hobbs testifies that the boat was to be turned over to him to be sold, the amount derived to be applied on the debt due Hobbs' wife. The boat was sold to appellee for $140 cash, which amount was applied on the note.

Hobbs testifies that he also credited appellant with $60 due him from appellant on account. Each of these theories is supported by the statement of witnesses, as well as by circumstantial evidence.

Under the well-settled rule of both this court and the Supreme Court we can not weigh the evidence. The cause was tried by the court without the intervention of a jury. The court heard the witnesses testify, observed their manner and conduct upon the witness stand, and is therefore the best judge of the weight to be given their testimony. More than one inference can be drawn from the facts as shown by the record. Under such circumstances this court will not disturb the judgment of the court below. *Peabody-Alwert Coal Co.* v. *Yandell* (1913), **179** Ind. 222, 100 N. E. 758; *Union Nat. Bank* v. *Finley* (1913), 180 Ind. 470, 103 N. E. 110; *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 24, 103 N. E. 869. Judgment affirmed.

NOTE.—Reported in 110 N. E. 1007. See, also 3 Cyc 360.