CLINE ET AL. *v.* INDIANAPOLIS MORTAR AND FUEL
COMPANY ET AL.

[No. 9,328.    Filed October 24, 1917.]

1.  MECHANICS' LIENS. — *Notice.* — *Requisites and Sufficiency.*—
*Statute.*—Under §8297 Burns 1914, Acts 1909 p. 295, providing
that any person wishing to acquire a mechanic's lien shall file
a notice of his intention to hold a lien, setting forth the amount
claimed and giving a substantial description of the land, a
notice of intention to hold a mechanic's lien need not state by
whom the claim is owing. (*Windfall Natural Gas, etc., Co.*
*v. Roe* [1908], 42 Ind. App. 278, disapproved.)    pp. 386, 387.

2.  MECHANICS' LIENS.—*Statutes.*—*Construction.*—Mechanic's lien
statutes must be strictly construed in determining the persons
entitled to acquire and enforce such liens, but, being remedial
in character, they should be liberally construed in favor of those
entitled to their benefits.    p. 387.

3.  MECHANICS' LIENS.—*Notice.*—*Requisites and Sufficiency.*—A
notice of intention to hold a mechanic's lien, in substantial con-
formity with the statute, is sufficient, and errors in respect to
matters not required to be included in the notice will not in-
validate or defeat the lien.    p. 388.

4.  MECHANICS' LIENS.—*Notice.*—*Requisites and Sufficiency.*—A
notice of intention to hold a mechanic's lien, addressed to the
owners in terms, "You are hereby notified that" plaintiff "in-
tend to hold a mechanic's lien on the following property," de-
scribing it, "as well as upon the house recently erected thereon
by the" owners and the contractor, setting forth the amount,
"for work and labor done, and materials furnished by us in the
erection and construction of said house, which work and labor
done, and materials furnished, and all other improvements,
was done and furnished by us at your special request and
instance and within the last sixty days" was sufficient under
the statute (§8297 Burns 1914, Acts 1909 p. 295), though the
materials were actually furnished at the request of the con-
tractor.    p. 389.

5.  APPEAL. — *Review.* — *Evidence.* — *Weight and Sufficiency.* —
Where there is evidence to support every material allegation of
the complaint, the court on appeal will not weigh conflicting
evidence to determine its preponderance, and the decision of
the trial court thereon is conclusive on appeal.    p. 390.

From Marion Circuit Court (23,557); *Louis B.*
*Ewbank,* Judge.

Action by the Indianapolis Mortar and Fuel Company and others against Fred Cline and others. From the judgment rendered, the defendants appeal. *Affirmed.*

*Frederick E. Matson, Ralph K. Kane* and *James A. Ross,* for appellants.

*Frank C. Groninger, Taylor E. Groninger* and *Ella M. Groninger,* for appellees.

BATMAN, J.—Appellee Indianapolis Mortar and Fuel Company filed its complaint against appellee Ward B. Snyder and appellants to foreclose a mechanic's lien against certain real estate owned by appellants, and for a personal judgment against appellee Snyder. The complaint is in a single paragraph, and alleges in substance, among other things, that on September 27, 1912, appellants were and still are the owners of certain real estate in Marion county, Indiana, (describing it) ; that while the owners thereof, appellants entered into a contract with appellee Snyder for the erection and construction of certain improvements thereon, by the terms of which he was to furnish all the necessary labor and material therefor; that in pursuance of said contract and in order to perform the same, said appellee ordered of it certain building material, as shown by the bill of particulars filed therewith and made a part thereof, for the purpose of using the same in the erection and construction of said improvements; that it delivered said building material to said appellee on said real estate for such purpose, and the same was used by said appellee, in the construction of such improvements in pursuance of his said contract with appellants, and was reasonably worth the amount charged therefor, to wit, $483.30; that on March 20, 1913, less than sixty days after said building material was furnished by it to appellants and appellee Snyder as aforesaid, it filed in the office of the recorder of Marion county, Indiana,

its written notice of intention to hold a lien on said real estate for said amount, in which it set out a substantial description of said real estate, the amount claimed by it, and all other facts required by the statute governing such matters, a copy of which notice was filed therewith and made a part thereof; that the notice was duly recorded in said office on said date; that no part of its said bill has been paid, and that the same was past due and wholly unpaid. The demand is for judgment for $650, and the foreclosure of its lien against said real estate. The copy of the notice filed with the complaint reads as follows:

"To Fred Cline and Bunie E. Cline and all others concerned:

You are hereby notified that Indianapolis Mortar and Fuel Company intend to hold a mechanic's lien on the following property in County of Marion, State of Indiana, to wit: (Here follows description of real estate), as well as upon the house recently erected thereon by you and W. B. Snyder (contractor) for the sum of five hundred and five and 55/100 Dollars ($505.55) for work and labor done, and materials furnished by us in the erection and construction of said house, which work and labor done, and materials furnished, and all other improvements, was done and furnished by us at your special request and instance and within the last sixty days.

"Indianapolis Mortar & Fuel Co.
"By Chas. Pigman, Sec."

Appellee Snyder suffered default, and appellants filed an answer in general denial. Trial was had by the court, resulting in a judgment against appellee Synder for $514.12 and a decree foreclosing the lien against said real estate for $556.12. From this judgment appellants prosecute this appeal. The sole error assigned is based on the action of the court in overruling their motion for a new trial, in which it is alleged that the decision of the

court is not sustained by sufficient evidence and is contrary to law.

Appellants' first contention is that a notice of intention to hold a mechanic's lien, to be sufficient under the statute, shall state by whom the claim for which the lien is sought is owing, and that a failure to state such fact correctly is fatal to a recovery. They insist that the notice of intention filed with the complaint in this case states that the claim is due from them, while the complaint alleges, and the evidence shows, that such claim was due from appellee Snyder, and that such fact constitutes a variance, fatal to its right to foreclose its alleged lien against their real estate. An examination of the statute in question leads us to the conclusion that such contention cannot be sustained. It is generally held that a notice of intention to hold a mechanic's lien need not set out anything beyond that which the statute requires. 20 Am. and Eng. Ency. Law (2d ed.) 409; 27 Cyc 110, 153; *Mouat Lumber, etc., Co.* v. *Freeman* (1895), 7 Colo. App. 152, 42 Pac. 1040; *Red River Lumber Co.* v. *Congregation, etc.* (1897), 7 N. D. 46, 73 N. W. 203; *Welch* v. *McGrath* (1882), 59 Iowa 519, 10 N. W. 810, 13 N. W. 638. The requirements of such a notice in this state is governed by §8297 Burns 1914, Acts 1909 p. 295. It provides that any person wishing to acquire such lien shall file a "notice of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, and giving a substantial description of such lot or land," etc. The statute thus specifically provides what must be set out in such notice, and fails to make any provision for stating by whom the claim is owing. The omission of such requirement from the statute renders any such statement in the notice unnecessary. *Adams* v. *Buhler* (1892), 131 Ind. 66, 30 N. E. 883; *Lays* v. *Hurley* (1913), 215

Mass. 582, 103 N. E. 52; *Peck* v. *Hensley* (1863), 21 Ind. 344; *Farmers Loan, etc., Co.* v. *Canada, etc., R. Co.* (1891), 127 Ind. 250, 26 N. E. 784, 11 L. R. A. 740; *Clark* v. *Huey* (1895), 12 Ind. App. 224, 40 N. E. 152; *Springer Land Assn.* v. *Ford* (1897), 168 U. S. 513, 18 Sup. Ct. 170, 42 L. Ed. 562; *Corbett* v. *Chambers* (1895), 109 Cal. 178, 41 Pac. 873. The conclusion we have reached finds support in the well-settled

2. rule that mechanic's lien statutes must be strictly construed, in determining the persons entitled to acquire and enforce such liens, but, being remedial in character, they should be liberally construed, in order to carry their object into effect in giving a lien to those entitled to their benefits. *Rader* v. *A. J. Barrett Co.* (1914), 59 Ind. App. 27, 108 N. E. 883; *Deal* v. *Plass* (1915), 59 Ind. App. 185, 109 N. E. 51; *McNamee* v. *Rauck* (1891), 128 Ind. 59, 27 N. E. 423; *Indianapolis, etc., Traction Co.* v. *Brennan* (1909), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65, 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85. The fact that appellee furnished material for the construction of appellants' building

1. brings it within the class entitled to the benefits of the statute in question, and entitles it to an application of the rule of liberal construction. To sustain appellants' contention, we would not only be required to deny an application of such rule, but go even further and engraft a requirement, neither directly nor inferentially imposed by the statute.

Appellants cite a number of cases in support of their contention as to the required contents of such a notice, chief among which is the case of *Windfall Natural Gas, etc., Co.* v. *Roe* (1908), 42 Ind. App. 278, 85 N. E. 722. The opinion in that case states that the statute requires that a notice to be sufficient to establish a mechanic's lien shall state the amount, to whom and by whom, and for what due, and shall describe the premises so that

the owner may know the property intended to be charged, citing §8297 Burns 1908, *supra,* and four Indiana cases. An examination of this section leads us to conclude, that the words "by whom" were inadvertently inserted in such statement, and given effect in such opinion, as the section is wholly silent in that regard. The cases cited in the opinion, as well as in appellants' brief in support of such requirement, go no further than to include the words quoted in a recital of what would be a sufficient notice, but none hold that a notice would not be sufficient if it failed to state by whom the claim was owing. In view of the plain reading of the statute and the general rule governing the requirements of such notices, we cannot follow the case of *Windfall Nat. Gas, etc., Co.* v. *Roe, supra,* in that regard. Under the construction we have given the statute, the variance suggested by appellants would be on an immaterial matter.

Moreover, it is well settled that a notice of intention to hold a mechanic's lien, in substantial conformity with the statute, is sufficient, and that errors in respect to matters not required to be included in the notice will not invalidate it or defeat the lien. This is especially true as affecting the rights of the original parties to the contract. *Midland R. Co.* v. *Wilcox* (1890), 122 Ind. 84, 23 N. E. 506; *Albrecht* v. *C. C. Foster Lumber Co.* (1890), 126 Ind. 318, 26 N. E. 157; 27 Cyc 111; 20 Am. and Eng. Ency. Law (2d ed.) 408, 409; Phillips, Mechanic's Liens (3d ed.) §§16, 342a. It has also been held that a lien will not be defeated by reason of an unintentional misstatement or a trivial error, omission, or surplusage in the notice, where the defect is not misleading; and that only such misstatements or inaccuracies in the notice as are calculated to mislead others should defeat the lien, if there has been a substantial compliance with the require-

ments. 27 Cyc 200; 20 Am. and Eng. Ency. Law (2d ed.) 426; Phillips, Mechanic's Liens §§16, 342b, 345; *Clark* v. *Huey, supra.* An examination of the notice in question leads us to conclude that appellants could not have been misled, as to who was primarily liable for the claim for which the

4. lien was sought. They were the owners of the property, and the original parties who contracted with appellee Snyder for the construction of the improvement. The rights of third persons, relying on the record of the notice are, therefore, not involved. The notice states in substance that such appellee was the contractor for such construction; that the material was furnished by claimant for such construction; and that it was so furnished within the last sixty days. True the notice was addressed to appellants, and recited that such material was furnished at their special instance and request, but from a consideration of the notice as a whole it cannot be said to have been misleading. Inasmuch as it is not claimed that any one was deceived or misled by such notice, we are of the opinion that it clearly comes within the rules stated. Our conclusion is fully supported by the case of *Clark* v. *Huey, supra.* In that case it was contended that the complaint was insufficient for the reason that it proceeded upon the theory that the materials mentioned in the bill of particulars were furnished to the contractor for one Clark as the owner, while the notice was directed to said Clark and his wife, for material furnished to them at their request. In passing upon this question the court said, on page 226: "We do not think there is a material variance between the contents of the copy filed as an exhibit and the averments of the complaint, respecting the person or persons to whom the materials were furnished. If the materials were furnished to the contractor for Clark and wife, to be used in the building,

and were so used, all of which is averred in the complaint, a notice directed to Clark and wife, in which it is stated that the materials were furnished to them at their instance and request, in the improvement or construction of the house, will be sufficient to secure the lien. The mere wording of the notice is of little importance. Its chief office is to apprise the owner and others interested that the furnisher of the materials claims to have a lien on the property."

Appellants also contend that the decision of the court is not sustained by sufficient evidence. We have examined the record and find there was some evidence 5. to support every material allegation of the complaint. Under such circumstances this court will not weigh conflicting evidence and determine its preponderance, but under the well-established rule will accept the decision of the trial court in that regard as conclusive on appeal. *Beavers* v. *Bess* (1914), 58 Ind. App. 287, 108 N. E. 266; *Vandalia R. Co.* v. *House* (1914), 59 Ind. App. 10, 108 N. E. 872; *Nicholson* v. *Smith* (1915), 60 Ind. App. 385, 110 N. E. 1007; *Dorrell* v. *Herr* (1915), 184 Ind. 445, 111 N. E. 614.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 509.