**BROWNSBURG LUMBER CO., INC.,**
Appellant (Plaintiff),

v.

Horace MANN, an Indiana Limited Partnership, Newell O. Pugh, Jr., M.D., William Dugan, M.D., Sara Klare, Leo Stenz, Rodney Hall and Gordon E. Clark, individually and as General Partners of Horace Mann, Indiana National Bank, J & S Contractors, Inc., and City of Indianapolis, Indiana, Appellees (Defendants).

No. 49A02-8709-CV-356.

Court of Appeals of Indiana,
Second District.

May 15, 1989.

Michael F. Drewry, William J. Hancock, Lowe Gray Steele & Hoffman, Indianapolis, Russell M. Webb, Jr., Hinkle, Keck, Webb & Pierce, Danville, for appellant.

R.C. Richmond, III, Ancel, Miroff & Frank, P.C., Indianapolis, for appellees.

BUCHANAN, Judge.

## CASE SUMMARY

Plaintiff-appellant Brownsburg Lumber Co. (Brownsburg) appeals the entry of a summary judgment in favor of defendants-appellees Horace Mann, an Indiana limited partnership (Mann), Indiana National Bank (Bank), J & S Contractors, Inc. (Contrac-

tor), and the City of Indianapolis (City), claiming the trial court's ruling was contrary to the law.

We reverse.

## FACTS

The facts most favorable to the non-moving party (Brownsburg) reveal that Brownsburg furnished materials and supplies used in the remodeling of a building owned by Mann. On March 25, 1986, Brownsburg filed a mechanic's lien with the Marion County recorder, which provided in pertinent parts:

> ## "SWORN STATEMENT AND NOTICE OF INTENTION TO HOLD MECHANIC'S LIEN
>
> March 18, 1986
>
> To: Horace Mann, an Indiana Limited Partnership Address: 714 Buchanan, Indianapolis, Indiana
>
> You are hereby notified that Brownsburg Lumber Co., Inc. (hereinafter called "Claimant") whose address is 17 Railroad Street, P.O. Box 250, Brownsburg, Indiana 46112 intend(s) to hold a Mechanic's Lien on the following described real estate:
>
> [legal description of property]
>
> . . . . .
>
> commonly known as 714 Buchanan, Indianapolis, Indiana and all improvements thereon ...
>
> > Brownsburg Lumber Co., Inc.
> > By: /s/ Gary Ogle
> > Gary Ogle, President."

The statement of the intention to hold a mechanic's lien correctly listed Mann as the owner of the property, but listed the address of the remodeled building as Mann's address, *not* Mann's address as shown on the county property tax records. Mann's principal place of business was 5 East Market Street in Indianapolis, and the partnership did not receive notice of the lien until Brownsburg's complaint was filed.

On March 24, 1987, Brownsburg filed its complaint against Mann, joining the Bank, Contractor and the City because each claimed some interest in the property and Brownsburg claimed priority over their claims. The second count of Brownsburg's complaint sought foreclosure on the mechanic's lien. Mann moved for summary judgment claiming Brownsburg's lien was invalid because its notice contained the wrong address. The trial court granted Mann's motion and also granted summary judgment in favor of the Bank, Contractor, and the City, on the ground that Brownsburg's lien was invalid for failure to comply with Ind.Code 32-8-3-3 (hereinafter the statute).

## ISSUE

The only issue before us is whether the trial court erred in determining that Brownsburg's mechanic's lien was invalid because the lien notice was not sent to the owner's (Mann's) latest address as shown by the county property tax records as required by the statute.

## DECISION

*PARTIES' CONTENTIONS*—Brownsburg contends that the statute places the duty of addressing the notice on the recorder, and therefore it complied with the statutory requirements. Mann responds that the statute is ambiguous, and since Brownsburg incorrectly addressed the notice, it failed to comply with the statute.

*CONCLUSION*—The statute places the duty to address the notice on the recorder.

■ The touchstone of this case is the language used in the statute placing the duty of properly addressing to the owners the notice of the sworn lien statement by the claimant. If it is the recorder who must send the notice to the owner addressed according to property tax records, the recorder's error or omission will not invalidate the lien. It has long been the law in Indiana that a mechanic's lien is acquired by filing a sworn statement in the recorder's office, *Adams v. Shaffer* (1892), 132 Ind. 331, 31 N.E. 1108; *Wilson v. Hopkins* (1875), 51 Ind. 231, and mistakes by the recorder will not invalidate the lien. *Adams, supra.*

The statute, IC 32–8–3–3, which has not previously been construed in this regard, provides:

"(a) Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county at any time within sixty (60) days after performing such labor or furnishing such materials or machinery described in [32–8–3–1], a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, the name and address of the claimant and the name of the owner, and shall give legal description, street and number, if any, of such lot or land on which the house, mill, manufactory or other buildings, bridge, reservoir, system of waterworks or other structure may stand or be connected with or to which it may be removed. The name of the owner and legal description of such lot or land will be sufficient if they are substantially as set forth in the latest entry in the county auditor's transfer books at the time of filing of the notice of intention to hold a lien. The recorder shall mail first class one (1) of the duplicates to the owner named in such notice within three (3) business days after recordation and post his records as to the date of this action. *Such notice shall be addressed to the latest address of such owner as shown on the property tax records of the county.* The recorder shall be entitled to a fee of one dollar and fifty cents ($1.50) to be collected from the lien claimant for such services."

(Emphasis supplied).

Construing the statute as a whole and giving meaning to each of its parts, it appears to be the intent of the legislature to place the duty of giving the proper notice to the owner on the recorder. The first two sentences describe what *the claimant* must file in the recorder's office as to the pertinent information relating to the lien, including the name of the owner and the address of the property in question, but significantly excluded is a requirement of a statement of the owner's address according to property tax records (or any other source).

After the recitation of the claimant's duties in connection with the lien statement, the last three sentences contain a recitation of the recorder's duties. It is *the recorder* who is "to mail first class" a duplicate copy to the owner, and then, "such notice shall be addressed to the latest address of such owner as shown on the property tax records of the County." And for such services the recorder is entitled to a fee ... a burden to be sure, but the plain and unambiguous language of the statute unerringly points the finger at the recorder. When the meaning of a statute is plain and unambiguous, there is no room for judicial construction. *Community Hosp. of Anderson and Madison Co. v. McKnight* (1986), Ind., 493 N.E.2d 775. As the statute places the duty of addressing the notice on the recorder, any error the recorder makes will not affect the validity of Brownsburg's mechanic's lien. *Adams, supra.* Nor is it of any moment that Brownsburg incorrectly listed Mann's place of business on the notice. It was the recorder's duty to correctly address the notice. Errors in respect to matters not required to be included in the notice will not invalidate the lien. *Cline v. Indianapolis Mortar & Fuel Co.* (1917), 65 Ind.App. 383, 117 N.E. 509.

■ Mann would estop Brownsburg from asserting its lien based on the well-recognized principle that when one of two innocent parties must suffer a loss by the acts of a third party, the loss must be born by the party whose act or omission made the loss possible. *See generally* 12 I.L.E. *Estoppel* § 46 (1959). That principle, however, is inapplicable. If any loss was suffered, it was not occasioned by Brownsburg. It is the recorder who has the statutory *duty* to address the notice and send it to the correct address. Any loss, then, would be due wholly to the recorder's failure to perform its statutory duty, not to Brownsburg's misstating of Mann's place of business on the notice.

Because the trial court's entry of summary judgment in favor of Mann, the Bank, the Contractor, and the City was based upon an incorrect conclusion of law, we must reverse that decision. As there is no issue of material fact as to whether Brownsburg's lien complied with the statute, the trial court is instructed to enter summary judgment in favor of Brownsburg's compliance with the statute.

Judgment reversed.

RATLIFF, C.J., and SHIELDS, P.J., concur.