Holmes *v.* Shands & Johnson.

―――――

CHARLES HOLMES *v.* SHANDS & JOHNSON.

The statute of 1840 gives to a party furnishing materials, or bestowing labor upon buildings, a lien upon the property, which may exist by special or implied·contract against the party receiving the benefit. If without any special contract, a party receive the labor or materials of another about his building, he is responsible to that person, and the statute gives the right of lien in his favor; but where such materials or labor is bestowed by contract with a third party, and on his account, such third person being under contract with the owner of the property to do the work and furnish the materials, there is no liability on the part of the owner of the property, but to the party with whom he contracted.

The implied liability that would arise generally from a person receiving value from the party furnishing the labor or materials, is taken away by the special contract he has made with the person with whom the owner of the property has contracted to complete the work. *Held,* that the statute did not intend to give a lien, except where there was a legal demand.

It is competent for the parties of a firm, after dissolution, to carry out a contract previously made and in part performed.

IN error from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

This was a suit instituted in the circuit court of Yazoo county by Shands & Johnson, against Charles Holmes, to enforce a statutory contract, under the mechanics' lien law of the State, for labor performed and articles furnished by them, Shands & Johnson, in the erection and completion of a building for Holmes.

The facts of the case are fully set out in the opinion of the court; but the decision is chiefly made upon the proper construction to be placed upon the mechanics' lien law.

*Pugh*, for. appellant,

Cited and commented on Andrews *v.* Washburn, 3 S. & M. 109; Hutch. Co. 637; Ib. 627; 2 Penn. 682; 15 Johns. 1.

*Gibbs*, for appellees,

In reply, cited Hutch. Co. 542; 1 How. 26; 3 Cow. 48; 13 N. Hamp. 191; 2 S. & M. 255; 1 Peter, 301; 6 Monroe, 617; 4 McCord, 261; 2 Bay, 93; 3 Binn.; 2 Dall. 172; 4 Ib. 137; 7 Bing. 395; 5 Wend. 277; 5 Shep. 113; 6 Ib. 324; 8 Ib. 810; 10 N. Hamp. 32; 12 Verm. 33; 9 Cow. 639.

Mr. Justice HANDY delivered the opinion of the court.

This is an action brought in the circuit court of Yazoo county, by the defendants in error, against the plaintiff, to enforce a contract under the mechanics' lien law for articles furnished and labor done by the defendants in error in and about the building of the plaintiff in error.

On the trial below, the plaintiff introduced Johnson, one of the partners, but who had sold and transferred all his interest to Shands, and the partnership had been dissolved, who proved that the contract was made by the firm with one Easdon, with whom Holmes had contracted to do the work and furnish the materials; that after the contracts had been made between all the parties, but before the work was commenced, witness went to Holmes and told him that some one must lose by the contract, to which he replied that there would be money enough to pay all. Witness said there would not be, and that he should not lose. Holmes replied that the best way for him was to let Holmes know the amount, and he would charge it up to Easdon; that they must trade some of it out, and witness said the amount was $850; that it was his understanding that the firm were to get their money from Holmes, and he made a bill of groceries with Holmes, who was a merchant, for about $80, which his partner brought to him afterwards receipted, but could not state in what way it was paid.

It was then proved, on the part of the defendant, that he contracted with Easdon to do the work and furnish all materials and labor; that Easdon afterwards contracted with the

4 *

plaintiffs to do the work and furnish the materials as charged, on his own account, and made known to the plaintiffs at the time the terms of his contract with Holmes; that the plaintiffs completed the contract, as made with Easdon, and nothing more, and in part payment, Easdon gave them several written orders on defendant, but defendant was not authorized to pay the plaintiffs on Easdon's account without his written order; that Holmes paid Easdon in full for the work and materials, according to their contract; that no money was paid by him without the order of Easdon, either produced or promised to be obtained, because such orders were required as vouchers in settlement with Easdon.

At the instance of the plaintiffs, the court instructed the jury as follows: " If the jury believe from the evidence that the plaintiffs undertook the work and to furnish materials by contract with Easdon, they would be entitled to a lien upon the property for the work and materials, unless the jury believe it was their intention to waive it;" and refused the following instruction, asked in behalf of the defendant: " If they believe from the evidence that Holmes contracted with Easdon to furnish materials for and build the houses, and paid Easdon for the materials used in the building of the houses, and for the work and labor also in building them, according to the contract, and Easdon contracted ' with Shands & Johnson, as subcontractors or laborers, who, according to the contract with Easdon, furnished materials for the brickwork and plastering, and did the same under their contract with Easdon, that Easdon is bound to them and not Holmes, and they must find for the defendant."

The verdict and judgment being for the plaintiffs, the defendant has prosecuted this writ of error.

The two instructions above stated present the first question; and we think it manifest that the court erred in granting that asked by the plaintiffs, and in refusing that asked by the defendant. The statute of 1840 gives to a party furnishing materials, or bestowing labor upon buildings, a lien upon the property, which may exist either by special or implied contract, against the party receiving the benefit. If, without any special

contract, a party receive the labor or materials of another about his building, he is responsible to that person, and the statute gives the right of lien in his favor. But where the materials or labor are bestowed by contract with a third person, and on his account, such person being under contract with the owner of the property to do the work and furnish the materials, there is no liability on the part of the owner of the property but to the party with whom he contracted. His implied liability that would arise generally from his receiving value from the party furnishing it, is taken away by the special contract he has made, and especially by the special contract which that party has made with the person with whom the owner of the property has contracted to complete the work. In such a case, the only question is, Was there a contract, and with whom did the person claiming payment contract? If he contracted expressly with the owner of the property, there could be no question. If he performed the labor or furnished the materials, without knowledge of a contract between the owner and another who was engaged in it, and under no contract with that person, the owner, receiving the benefit of his labor and materials, would be liable to him for the value. But if, with a knowledge of the contract between the owner and the original employee, he does work or supplies materials, or if he does so under a separate contract with the employee and on his account, it is clear that he has no claim against the owner of the property. In the one case, he must suffer by his folly, and in the other, he must abide by his contract. By the general laws of contracts, he would have no claim against the owner under such circumstances; and the statute did not intend to give a lien except where there was a legal demand.

Two other questions are raised, which it is necessary to settle in reference to the new trial to be granted.

First. It is contended, in behalf of the plaintiff in error, that there could be no liability on his part to the plaintiffs below, because the testimony showed it to be an undertaking to pay the debt of Easdon to the plaintiffs, and that, not being in writing, it was void under the statute of frauds. But the alleged promise or undertaking of Holmes, if it was proved at all, was

shown to have been made to the plaintiffs before Easdon had become their debtor, and before the work was done. It could not, therefore, be a promise to pay the debt of another; and if it can have any legal effect as a contract, it was an original undertaking.

Second. It is said that the action could not be maintained in the name of the plaintiffs' firm, because the greater part of the work was done and materials supplied after the dissolution of the firm. But the contract was made with the firm during the existence of the partnership, and it was competent for the parties, after dissolution, to carry out a contract previously made, and in part performed. To that extent, the partnership would be considered in law as still existing.

Third. The partner Johnson is objected to as an incompetent witness for the plaintiff. The suit is brought in the name of the firm for the use of Shands individually, and it is shown that Johnson had released all his interest in the firm to him, and that he had no interest in the suit. There can be no valid objection to his competency as a witness under such circumstances, if he chose to testify.

The judgment is reversed, and the cause remanded.