## JAMES N. WETHERILL

*v.*

## WILLIAM OHLENDORF *et al.*

1. MECHANIC'S LIEN—*whether it exists.*   Where a party contracts to build a house, and other parties furnish materials, which are used in the building, on the credit of the contractor, the material-men have no lien on the building for the materials so furnished.

2. SAME—*construction of an agreement—lien must be created under the statute.*   Heeney & Campbell furnished, on the credit of a party who had contracted to build a house for one Gierke, materials which were used in the building of Gierke's house. When the house was partially completed, the contractor having abandoned his contract, Gierke executed the following agreement in writing: "This is to certify that I, H. Gierke, hold myself responsible for all lumber and materials furnished by Heeney & Campbell for the erection of store on Halsted street and in course of erection, and will pay all of our account for said store when the building is complete": *Held,* that a fair interpretation of the agreement would only bind Gierke to the extent of materials delivered after its date—the claim that it included all the materials before that time furnished being answered by the fact that there was no consideration expressed in the writing for the undertaking.

3. And if there had been a consideration expressed, it would not have created a lien on the premises for the materials previously furnished,—as a mechanic's lien, or that of the material-men, being statutory, and peculiar in itself, can only be claimed when the case is brought within the statute.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

William and Louis Ohlendorf filed their petition to establish and enforce a lien on certain premises for the materials furnished by them and used in erecting a building on the premises. Herman Gierke and James N. Wetherill were made parties defendant.

Heeney and Campbell filed an intervening petition to establish a lien on the same premises for materials furnished by them and used in the building.

Gierke held a leasehold interest in the lot of ground, and contracted with one Sullivan to erect the building on the same.

Wetherill claims, the premises having been sold under a judgment against Gierke, and he, Wetherill, having purchased from the purchasers at such sale, that he is now the owner of the leasehold interest in the lot and building, and denies the lien of the several petitioners.

After a portion of the materials for which Heeney & Campbell claim a lien had been furnished, Gierke, Sullivan having abandoned his contract to erect the building, executed to them the following written agreement:

" CHICAGO, Sept. 6, 1870.

" This is to certify that I, H. Gierke, hold myself responsible for all lumber and materials furnished by Heeney & Campbell for the erection of store on Halsted street and in course of erection, and will pay all of our account for said store when the building is complete. Number of store, 343 Halsted street."

Thereupon Heeney & Campbell furnished the remainder of the materials, for which they claim a lien.

Upon a hearing by the court, a jury being waived, a decree was entered finding that Herman Gierke is indebted to Ohlendorf Bros. $1077.16, to Heeney & Campbell $473.66; that the indebtedness in both cases is for materials furnished in the erection of the building known as No. 343 South Halsted street, under contract with Gierke, and the same is a lien on the premises, and that the interest in the lot is a leasehold held by Gierke under a lease from Hull. Ordered, that the petitioners recover of Gierke the amounts of their respective debts; that said sums are a lien upon said leasehold interest and the house, the lot being a part of No. 1, etc., commencing at point, etc., and unless said sums are paid within 100 days from date that the leasehold interest and building be sold as other lands and tenements are sold on execution, etc.

Wetherill appeals.

Mr. R. H. FORRESTER, for the appellant.

Messrs. JONES & GARDNER, Messrs. RUNYAN & AVERY, and Messrs. LOOMIS & COMSTOCK, for the appellees.

Per CURIAM: The proof is quite satisfactory in this case, that the lumber delivered by Ohlendorf was on the credit of Sullivan, the contractor, and to him he must look for payment. No lien is created against the lot, as the owner of it made no contract.

· A fair interpretation of Gierke's written undertaking to pay would only bind him to the extent of the lumber delivered by Heeney & Campbell after the date of it. The claim that it included all the lumber before that furnished, is answered by the fact that there is no consideration expressed in the writing for the undertaking, and if there was, it would not create a lien on the premises. A mechanic's lien, or that of the material-men, is statutory, peculiar in itself, and can only be claimed when the case is brought within the statute.

There is no pretense for this action. The judgment is reversed.

*Judgment reversed.*