DOOLITTLE, GORDON & CO., APPELLEES, v. FRANCES GOODRICH, ET AL., APPELLANTS.

**Mechanic's lien.** In November, 1880, one M. contracted with G. to erect a house and furnish the material. M. thereupon purchased lumber for the erection of said dwelling in his own name,

the credit being given to him, and after the erection of the building, left the state without paying for the lumber. A mechanic's lien was thereupon filed against the lot on which the building was erected and appurtenances, for the amount of the claim, and judgment was thereafter rendered against G. for the amount and the premises were sold. *Held,* That as the testimony failed to show that M. was the agent of G., the judgment and lien could not be sustained under the lien act in force at that time.

APPEAL from the district court for Lancaster county. Heard below before POUND, J.

*J. H. Foxworthy,* for appellants.

*Samuel J. Tuttle,* for appellees.

BY THE COURT.

Frances Goodrich is the owner of lot 5, in block 240 in the city of Lincoln. In November, 1880, she contracted with one James McLelland, to erect a small house thereon which he afterwards did. The lumber for the house was purchased from the plaintiff by McLelland on his own account, and was charged to him on their books. McLelland was paid by Mrs. Goodrich the full contract price for the erection of said building. Sometime thereafter, McLelland left the state, leaving the lumber bill unpaid. An itemized account against Frances Goodrich and Elizabeth McLelland, the mother of Mrs. Goodrich, duly verified, was then filed in the county clerk's office of Lancaster county, to obtain a mechanic's lien upon the premises above described. A judgment for the sum of $173.00 was rendered in the court below against Frances Goodrich, and directing a sale of the real estate in question.

The only question necessary to be considered in this case is, was McLelland the agent of the defendant Goodrich in purchasing the lumber with which the house was erected? In our opinion the testimony not only fails to establish

that fact, but clearly shows that the lumber was sold to McLelland upon his individual account, and that he was not her agent.   This being so she was not liable under the mechanic's lien law then in force for the payment of the claim We adhere to our decision in the case of *McCormick v. Lawton*, 3 Neb., 449, but it has no application to the facts of this case.   The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.