## MOLEN AND WIFE v. ORR.

1. PARTNERSHIP: *Dissolution: Transfer of partner's interest: Parties:* When a partnership is dissolved and one partner assigns his interest in the partnership to the other the latter takes all the rights of the firm, and may exercise them in the firm name for all purposes necessary to their enforcement and for closing up the joint business. But an action may be maintained in his own name unless objection for want of the other as a party be distinctly made.

2. EVIDENCE: *Variance from pleading.*
The materiality of a variance between the proof and the pleading is not to be determined as at common law by the incoherence of the two statements on their face. The party alleging the variance must show that he has been misled to his prejudice.

3. Practice in Supreme Court: *Variance: Presumption.*
   Where testimony variant from the allegations of the pleading is admitted without objection this court will presume that the parties deemed the variance immaterial, or treated the complaint as amended to admit the evidence.

4. Husband and Wife: *His liability on her contracts.*
   A husband is not liable on a contract made by his wife in her own name for repairs on a hotel controlled and conducted by her.

APPEAL from *Garland* Circuit Court.
Hon. J. B. Wood, Circuit Judge.

*G. W. Murphy* for appellant.

There was a fatal variance between the complaint and the proof. The evidence showed that the work was done by Orr & Wirfs and not by Charles G. Orr, and that it was done for Louisa Molen alone. Orr had no right to sue in his own name, and there was no proof that he was the successor of the firm. *Gantt's Digest, sec. 4644; Acts 1877, p. 26; 1 Gr. Ev., secs. 58, 66.*

*Sanders & Husbands* for appellees.

The evidence shows that Orr was the successor of Orr & Wirf. Actions shall be brought in the name of the real party in interest. (*Sec. 4469 Gantt's Digest.*) This demand was assignable. (*Ib., sec. 4077.*) The objection as to variance could only be taken by demurrer or answer, and if not done all such objections are waived. (*Ib., secs. 4564–7.*) The other objections are too general. *39 Ark., 422.*

Cockrill, C. J. The theory of the appellants is, that there was a fatal variance between the cause of action alleged in the complaint, and that proved upon the trial. The case presented is this: The appellee sued the appellants to recover the amount of an account due him, as he

alleged, for painting a hotel in Hot Springs, and also to en-
force a mechanic's lien against the hotel premises. Upon
the trial he proved that the work had been done by him and
one Wirfs, who at the time was his partner; that before
suit the partnership was dissolved, and Wirfs executed a
formal assignment of this and all the other firm contracts
to him and withdrew from the business. No objection
was made to this testimony, and none to a want of proper
parties, but the defendants undertook to avoid payment
under an answer alleging that the work had been done by
the partners in an unskillful manner, and that the full
value of it had been paid by the defendant, Louisa.

1. PART-
NERSHIP:
Dissolu-
tion:
Transfer
of part-
ner's in-
terest.

If the action had been prosecuted in the name of the
firm as it stood when the work was done, there would
have been no room for objection at any point. After the
dissolution and assignment of his interest by one copart-
ner to the other, the latter took all the rights of the firm
and might have exercised them in the firm name for all
purposes necessary to their enforcement, and for closing
up the joint business. *Busfield v. Wheeler, 14 Allen, 139;
Holmes v. Shands, 26 Miss., 639.*

If the objection that the former partner should be a
party had been distinctly made, an amendment might
have been allowed bringing him in. By failing to make
the objection it was waived. *Mans. Rev. St., sec. 5031;
Yonley v. Thompson, 30 Ark., 399; Dodge v. N. Y. St. Ship
Co., 37 How., Pr., 524.*

2. EVI-
DENCE:
Variance
from plea-
ding.

That there was a variance between the proof and the
allegations of the complaint there is no question; but the
materiality of the variance is not to be determined as at
common law by the incoherence of the two statements on
their face. It must be shown by the party alleging the
variance that he has been misled to his prejudice. (*Mans.
Rev. St., 5075; Newman on Pl. & Pr., 720, et seq.; Green*

*Ib., 467.*) There was no pretense of surprise or of being misled in this case. Indeed the only fact in the proof that is not found in the pleadings is the dissolution of the co-partnership, and the release by one copartner to the other of his interest in the matter in controversy. This evidence was admitted without objection, and we must take it that the parties deemed the variance immaterial, or that they treated the complaint as amended to admit such evidence. *Burke v. Snell, 42 Ark., 57; Green. Pl. and Pr., sec. 468; Manice v. Brady, 15 Abb. Pr. (O. S.), 173; Speer v. Bishop, 24 Ohio St., 598.*

So long as the claim proved is within the "general scope and meaning" of the pleadings the variance cannot amount to a failure of proof (*Mansf. Rev. St., sec. 5077*), and it is apparent from the record that no other claim than the one proved was within the meaning of either the complaint or answer.

The appellants ask a reversal because their motion for a continuance was overruled; but this motion failed to show diligence in trying to procure the testimony of the absent witness, or that the testimony was anything more than cumulative. It was certainly no abuse of the court's discretion to overrule it.

The proof, however, fails to disclose any fact from which Joseph Molen's liability can be inferred. His wife seems to have controlled the hotel and made this contract in her own behalf in a business conducted by her, and the only exemption from liability claimed on her part was upon the theory that she had paid all that was justly due under the contract. Her answer admits that the necessary steps were taken to fix the mechanic's lien against her interest in the premises described. None was claimed against Joseph Molen's. He appears to have been a nominal party only. Upon the showing made, he should not

*3. Presumption in Supreme Court.*

*4. Husband and Wife: Liability on her contract.*

have been a party at all. He denied the allegations of the complaint, and it was error to render judgment against him.

Let the judgment be affirmed as to Louisa Molen and her interest in the premises, and reverse and remand as to Joseph Molen.