No. 921.

## BRIGHAM *v.* DEWALD ET AL.

MECHANIC'S LIEN.—*Subcontractor.—Action to Foreclose Lien.— Sufficiency of Complaint on Appeal.*—In an action to enforce a mechanic's lien by a subcontractor, the complaint was not objected to in the trial court, and only objected to on appeal on the ground that it does not allege the "value of the labor or material furnished." The complaint not having been tested by demurrer is sufficient on appeal on the objection urged against it.

SAME.—*Special Finding.—Sufficiency.— Value of Labor and Materials.*— In such case a special finding was that the value of the work and material, as agreed upon, was $225, and that of such amount $34.93 had been paid, leaving a balance of $190.07 due on the claim. Such finding is sufficient to show that the materials furnished and the work done were of the value agreed upon.

PAYMENT.—*Items of Account.—Payment on Account Generally.— How Applied.*—Where a contractor was indebted to a subcontractor in a number of items of account for labor and material furnished in the construction of several houses for different persons, a payment by the contractor to the subcontractor of a sum of money without designating its application, can not be said to be a payment of any particular item of account, and especially can not be made to apply to items of account which accrued after the payment as aforesaid.

From the Marion Superior Court.

*V. G. Clifford* and *W. F. Browder,* for appellant.
*A. C. Ayres* and *A. Q. Jones,* for appellees.

DAVIS, J.—This was an action instituted by appellees against appellant, to foreclose a mechanic's lien for labor performed and material furnished in plumbing a building erected by a contractor for appellant.

On the trial, the court made a special finding of the facts, stated conclusions of law thereon, and rendered judgment in favor of appellees for the balance due them.

The errors assigned in general term were:

*First.* That the complaint does not contain facts sufficient to constitute a cause of action.

*Second.* That the court erred in its conclusions of law on the facts found.

The affirmation of the judgment in general term is the only error assigned in this court.

It is urged that the complaint is insufficient, because the "value of the labor or material furnished" is not therein alleged. The statute gives subcontractors a lien against the owner of the property "to the extent of the value of any labor or material furnished." Section 1705, Elliott's Supp.

No question was raised as to the sufficiency of the complaint in the trial court. The complaint charges the employment of appellees, by a contractor of appellant, to do the plumbing work in appellant's house; the doing of the work; the furnishing of material, with notice thereof before and at the time to appellant, and the filing of notice of the lien; the payment of a certain amount and leaving a balance due on said claim of $190.07, etc.

Whatever might have been said as to the sufficiency of the complaint, if it had been tested by demurrer, it is not subject to attack for the first time on appeal. We quote from a decision of the Supreme Court as follows: "A verdict will many times aid a defective pleading, and pleadings which would be bad on demurrer are often held good after verdict. It is not only mere defects of form that are aided by a verdict, but faults affecting substantive facts are often so aided." *Parker* v. *Clayton,* 72 Ind. 307, see section 338, R. S. 1881; *City of Lafayette* v. *Ashby,* 34 N. E. Rep. 238.

Counsel for appellant make three objections to the conclusions of law on the special finding of facts. The first is that the findings do not show the value of the materials and services furnished by appellee. The findings show that the value, as agreed, was $225.00; that

appellees were paid $34.93, leaving a balance of $190.07 due on the claim; that the balance was for materials furnished and work performed on appellant's house, due notice of which had been given him at and before such performance. This is sufficient to show that the materials furnished and the work done were of the value agreed upon.

The second objection is that the amount claimed is for a general balance due for work done and materials furnished by appellees for the contractor in the erection of several houses for different persons. The special findings are not open to this objection. It is expressly found that said sum of $190.07 was "for work done and materials furnished for defendant's house." This, we think, is a finding of fact and not a conclusion of law, as contended by appellant's counsel.

The third objection is that appellant is entitled to a credit of $100 on the claim. The findings show that before appellees commenced the work on appellant's house the contractor was indebted to them for other work. Appellant paid the contractor $500 on his contract on November 21, 1890, and out of said sum $100 was paid to appellees by the contractor. The appellees did not know from whence the money came.

Afterwards, the labor and material in controversy were done and furnished and the lien attached. There is no claim that it was agreed by or between any of the parties that the $100 should be credited on this account.

The application of the payment was made by appellees on a general account owing them by the contractor for labor done and material furnished in erecting different buildings. This was all done before any claim had accrued in favor of appellees against either appellant or the contractor, on account of the matters in controversy.

The court can not now, on the facts disclosed in the

finding, say that the one hundred dollars should, in equity and good conscience, be applied as a credit on the amount owing appellees for labor and material afterwards furnished by them in the construction and completion of appellant's house.  *Gantner* v. *Kemper*, 58 Mo. 567; *Waterman* v. *Younger*, 49 Mo. 413.

We find no error in the record. Section 658, R. S. 1881. Judgment affirmed.

Filed June 7, 1893.