Clark *et al. v.* Huey *et al.*

Filed March 19, 1895.

---

No. 951.

## CLARK ET AL. *v.* HUEY ET AL.

MECHANIC'S LIEN.—*Notice, Materialman's, Sufficiency.*—The mere wording of a materialman's notice of an intention to hold a mechanic's lien is of little importance if it inform the owner and others interested that the person giving it claims to have a lien on the property for materials furnished.

SAME.—*Materialman, Loss of Claim.*—*Owner Paying Contractor Before Notice of Claim.*—A materialman, furnishing the contractor materials, does not lose his lien by the mere fact that the owner of the property paid the contractor in full before he had any knowledge of such materialman's claim.

SAME.—*Materialman Looking to Contractor.*—*Loss of Lien.*—A materialman does not lose his right to a lien, though he furnish the materials primarily on the credit of the contractor and with the expectation that he should and would pay for them, even if he have no intention, at the time he furnishes such materials, to resort to any lien he might otherwise have.

SAME.—*Materialman's Averments and Proof.*—The material man need not aver nor prove that he furnished the materials upon the credit

of the building. If he furnished them for the building and they are used in it, and the improvement is made by the authority and direction of the owner, the right to the lien attaches.

SAME.—*Construction of Statute Liberal.*—The statute relating to mechanics' liens is construed liberally in favor of the mechanic and materialman.

SAME.—*Personal Liability of Contractor for Materials.*—A contractor who purchases material for a house is liable to the materialman for its cost.

PAYMENT.—*Law Making Application.*—Where payment is made on a general or running account, without having been applied on any particular item, either by the debtor or creditor, the law makes the application by applying it to the oldest item.

PRACTICE.—*Amending Exhibit.—Continuance.*—The court may permit an exhibit to be amended, and the opposite party, upon a proper showing, may obtain a continuance by reason of the amendment having been made.

From the Marion Superior Court.

*I. P.* and *P. Gray*, for appellants.

*J. T. Lecklider*, for appellees.

DAVIS, J.—This action was instituted in the court below for the foreclosure of a mechanic's and materialman's lien. There was a trial by the court, and a special finding of facts and conclusions of law, upon which, over appellants' exceptions, a decree was rendered for the enforcement of the lien and sale of property to satisfy the same. On appeal to the general term, the judgment and decree of the special term were affirmed.

The only assignment of errors in this court is the ruling of the court in general term affirming the judgment of the special term.

Separate assignments of errors by each appellant were made in the superior court as follows:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That the court, at special term, erred in overruling the motion for a new trial.

3. That the court, at special term, erred in overruling the motion in arrest of judgment.

4. That the court, at special term, erred in its conclusions of law upon the facts found.

The first and third assignments of error may be considered together. The only argument made in support of the insufficiency of the complaint is that the latter "proceeds upon the theory that the materials mentioned in the bill of particulars were furnished to William Bartenick, a contractor, for Charles L. Clark, while the copy of the notice filed shows that the notice was directed to Clark and wife, for materials furnished to them at their request." We do not think there is a material variance between the contents of the copy filed as an exhibit and the averments of the complaint, respecting the person or persons to whom the materials were furnished. If the materials were furnished to the contractor for Clark and wife, to be used in the building, and were so used, all of which is averred in the complaint, a notice directed to Clark and wife, in which it is stated that the materials were furnished to them at their instance and request, in the improvement or construction of the house, will be sufficient to secure the lien. The mere wording of the notice is of little importance. Its chief office is to apprise the owner and others interested that the furnisher of the materials claims to have a lien on the property. There is no such repugnancy here between the complaint and the exhibit as will render the former bad on motion in arrest, or on an assignment of errors that the complaint does not contain facts sufficient to constitute a cause of action.

In support of the second specification of the errors assigned in the superior court, appellants' counsel contend that the trial judge, in his ruling, committed an error in allowing the appellees to amend their complaint dur-

ing the progress of the trial. When the appellees offered in evidence their original notice of intention to hold a lien, objection was made to the introduction of the same, upon the ground that it was not the same notice as that described in the complaint, and differed materially from the copy filed as an exhibit. Thereupon, the court permitted the appellees to amend the copy of notice filed so as to conform to the original notice offered in evidence. The amendment consisted in striking out of the copy of the notice filed with the complaint, after the words, "your special instance and request," the following, "and at the special instance and request of William Bartenick, your contractor."

The notice, introduced in evidence, was directed to the appellants and informed them that the appellees intended to hold a lien on the property, described, for work and labor done, and materials furnished them, at their special instance and request. The exhibit filed was an exact copy of this notice, except that it contained the additional and superfluous statement stricken out. The amendment in no wise changed the material averments of the complaint, nor the theory upon which it proceeded. Moreover, if the amendment was so material as to necessitate the procurement of additional evidence on the part of appellants, or to require further time for any reason, they should have moved for a postponement of the trial. They have not shown in what respect they were injured by the amendment.

Some complaint is also made of the ruling of the trial court in excluding testimony to the effect that, before the filing of the notice of intention to hold a lien by the appellees, the appellants had fully paid Bartenick, the contractor, for all the materials, including those in suit. In this there was no error. *Colter* v. *Frese*, 45 Ind. 96;

*Merritt* v. *Pearson,* 58 Ind. 385; *City of Crawfordsville* v. *Johnson,* 51 Ind. 397.

This brings us to the only remaining specification of error, being the one which calls in question the correctness of the conclusions of law upon the special findings. It is the contention of appellants' counsel that the special findings show that the materials were furnished, not to the appellants, at their special instance and request, nor upon the credit of the property, but to the contractor, and to him alone, and upon the strength of his individual credit. It is insisted that the attempt to charge the appellants' property with a lien is an afterthought upon the part of the appellees, arising when they made the discovery that the contractor was insolvent, and had departed from the State. The substance of the material portion of the facts found bearing upon the question under immediate consideration is that the appellant Charles L. Clark, the owner of the property sought to be charged, employed Bartenick, the contractor, to alter and improve for him a frame dwelling house situated upon the real estate described in the complaint, the contractor agreeing, on his part, to furnish all the materials, and do all the work, for a certain stipulated price, to be paid as the work progressed; that the materials in controversy were furnished by the appellees at the request and upon the order and credit of said Bartenick to be used in said dwelling house, and that they were so used.

It is further found that the said Bartenick was a carpenter and builder and was at the time he was engaged in altering said dwelling house of appellant engaged in erecting six other different buildings for other and different parties under contract with the said other parties to erect said buildings and furnish all the materials therefor, and at the time of making the contract with appellant the said Bartenick was indebted to appellees

on a general running account for lumber and materials sold by appellees in the sum of several hundred dollars; that during the progress of the work upon the house of appellant and during the time the appellees were furnishing the materials in the complaint mentioned, they were furnishing other materials for the said other and different buildings so being erected by said Bartenick; that all of said materials were charged to said Bartenick in said general account kept by appellee against said Bartenick; that said general account amounted to $1,686.87, of which Bartenick paid in installments $1,450, and that after the completion of said work for appellant said Bartenick became and was in failing circumstances pecuniarily and left the State, and that afterwards appellees filed a notice of their intention to hold a mechanic's lien on the property of said appellant for the entire balance of said general account against said Bartenick, to wit, $236.87.

As we have before stated, the entire account against Bartenick, including the lumber and material furnished for and used in the several buildings, referred to in the finding, amounted to $1,686.87. The entire balance due appellees thereon, after deducting payments made by Bartenick, was $236.80. No attempt was made by appellees to acquire a lien on the property of any of the other parties, but notice was filed by them, as above stated, of their intention to hold a lien for the entire balance on appellant's property. The court found that the materials furnished by appellees and used in appellant's house amounted to $93 in the aggregate and that appellees were entitled to a lien for the entire amount; that the first materials furnished to Bartenick by appellees for use in appellant's house, amounting to $40.46, were delivered on the 30th of April, 1891, and that after that date the materials sold to Bartenick for the different

buildings amounted to $367.63; that the payments on said general account, including said items, from January 30 to July 15, 1891, amounted to $1,450, all except $575 of which was paid after April 30. In view of the fact that the entire amount of material used in appellant's house was only $93, all of which was furnished on and after April 30, and that the balance due on said general account after the last payment thereon in July 15 was only $236.80, and that $367.63 of said account was for material sold Bartenick after April 30, we fail to find anything in the record explaining why a part, at least, of the account for material used in appellant's house was not paid. In other words, the theory is not shown on which the court found that appellant should pay appellees for the full amount of the material used in his house, notwithstanding payments on said general account in excess in the aggregate of the entire account after the sale of at least a part of the material used in his house.

In this case the payments were made on a general running account. The payments are not shown to have been applied on any particular items of the account either by the direction of the debtor or by election of the creditor. In such case the law makes the application of the payment as a credit on the oldest item in the account. Applying this rule it appears to us that a part, at least, of the $93 of the account for materials used in appellant's house has been in fact paid. As we have seen, the entire account on the 30th of April, including the $40.46 for material furnished on that day for appellant's house, amounted to $1,319.24, and the entire payments made on the general account on and prior to the 15th of July amounted to $1,450. This, in the absence of any showing or explanation to the contrary, conclu-

sively shows that at least $40.46 of the account for materials used in appellant's house has been paid.

Without further discussion on this branch of the case, it will suffice to say that under the circumstances disclosed by the record, and in the light of the oral argument of counsel, we have reached the conclusion that justice to all concerned requires us to reverse the judgment of the trial court with instructions to grant a new trial.

In their briefs counsel for appellant earnestly insist that the facts specially found by the court conclusively show that the lumber and material used in appellant's building were sold and delivered to Bartenick solely on his credit and not on the credit of the building, and therefore that appellees are not entitled to have or hold a mechanic's lien for any part of said lumber and materials.

In this connection we observe it is charged in the complaint that appellant, "by and through his said contractor, employed these plaintiffs to furnish certain lumber and material to be used in the construction of said improvement to be erected on said property." This averment, if material, is not sustained by the finding. We have given the substance of the finding, on the most favorable construction thereof in behalf of appellees, and it appears that appellant did not employ them to furnish the lumber and material, but on the contrary, it is shown that appellees sold and furnished the lumber and material to said Bartenick, on his credit, to be used in said dwelling house, and they were so used.

It is apparent from the finding that the general account against Bartenick included the lumber and materials furnished to and used by him in the several different buildings, but there is no finding that there was any intention or effort to specify or designate at the time

of the sale, in the account or otherwise, what part of the lumber and material embraced in said general account were furnished for appellant's building.

It appears, from the special finding, that the appellee Huey furnished certain materials which were used in appellant's building, and that "said materials were furnished at the request and on the order and credit of said Bartenick, the contractor, for said defendant, to be used in the said dwelling house," and that proper notice of lien was duly filed.

It also appears that Bartenick was building other houses, and the materials for appellant's house, as well as those for the others, were charged to Bartenick in a general account which appellees had against him. It does not appear, however, that on this general account the materials for appellant's house were or were not indicated, the finding being silent as to this point. Thus it is, as it seems to us, clearly and unequivocally found that the materials were furnished to be used in appellant's house.

There are, it is true, some further evidentiary facts found which militate somewhat against this finding, but all the evidentiary facts in the case are not before us, and even those which are presented here are not absolutely inconsistent or irreconcilable with the finding that the materials were furnished to be used in this particular building, which is, as we understand the law, the ultimate fact to be ascertained in cases such as this. *Brigham* v. *Dewald*, 7 Ind. App. 115.

The other facts and circumstances contained in the finding are not, in our judgment, sufficient to overthrow the plain and distinct finding upon the essential fact that the materials were actually "furnished," not purchased only, but "furnished," to be used in appellant's house.

In the cases of *Hill* v. *Sloan*, 59 Ind. 181, and *Talbott*

v. *Goddard,* 55 Ind. 496, which resemble this case in many particulars, the plaintiff failed for the want of the very finding which is here supplied.

The necessity for this finding is clearly declared in *Jones* v. *Hall,* 9 Ind. App. 458.

It is not directly found that the materials were furnished *solely* upon the credit of Bartenick. Nor do we think the findings sufficient to require the inference that the materials were furnished "solely" upon the credit of Bartenick, the contractor. The only reference to their being furnished upon his credit has already been set out in this opinion. That they were furnished upon his order and credit, and charged in his general account, is by no means the equivalent of saying that they were furnished solely upon his credit. They might, consistently, with all the facts here before us, have been furnished primarily upon his credit with the expectation that he should and would pay for them, and yet with the intention of resorting to the lien should any necessity arise therefor.

The statute, by its terms, gives the lien, upon proper notice filed by materialmen for materials furnished for a building, to the extent that they are used therein. R. S. 1894, sections 7255, 7256.

The statute does not require that the materialman should aver or prove that he furnished the materials upon the credit of the building. If he furnishes them for the building, and they are used in it, and the improvement is being made by the authority and direction of the owner, the right to the lien attaches. *Neeley* v. *Searight,* 113 Ind. 316; *Colter* v. *Frese, supra.*

The lien is not the creature of the contract, but of the law. It is the law, and not the contract, which gives the lien. *Shilling* v. *Templeton,* 66 Ind. 585; *Vail* v. *Meyer,* 71 Ind. 159.

It has not been the policy of the courts to require from the mechanics and materialmen more than the statute itself demands. These statutes are entitled to a liberal construction in favor of the lien-holder, and are not, as has been sometimes held, to be strictly construed against him. As has been recently declared by the Supreme Court: "The trend of the later decisions, as well as of legislation, is in the direction of a liberal enforcement of the law giving mechanics and materialmen a lien upon property made valuable by their labor." *McNamee* v. *Rauck*, 129 Ind. 58; *Midland R. W. Co.* v. *Wilcox*, 122 Ind. 84.

As I have already indicated, we do not believe that the materialman loses his lien simply because he furnishes the materials for the house upon the order and credit of the contractor, and not upon the credit of the house, even if this latter fact was made to appear. Where the contractor is himself, by the terms of his contract with the owner, to furnish the material, he buys them, and, unless he pays cash, is necessarily bound for them. He is primarily and personally liable therefor to the materialman. If he fails to pay, and a lien is taken and paid by the owner, he may deduct the amount from any sum due the contractor, or he may sue the contractor therefor if necessary. *Merritt* v. *Pearsons*, 58 Ind. 385; *Midland R. W. Co.* v. *Wilcox, supra.*

There is, in such cases, always a personal liability upon the contractor to pay the debt incurred for the goods purchased. They are, therefore, necessarily furnished upon his credit. If he does not purchase them as agent for the owner, so as to bind the owner personally, he binds only himself personally. There is, it is true, provision made for a limited individual liability of the owner upon due notice given, but this is under another section of the

statute, section 7262, and by another method than that here pursued. *Lawton* v. *Case*, 73 Ind. 60.

In *Deatherage* v. *Henderson*, 43 Kan. 684, it was said: "Under the statute, the mere fact that the materials were furnished on the credit of Woods (the contractor), would not be an extinguishment or waiver of the plaintiff's lien."

In *Sodini* v. *Winter*, 32 Md. 130, the defendant asked the court to instruct the jury that the plaintiff could not recover if the "materials were furnished on the credit and individual liability of said Leiter, the contractor, and not on the credit of the defendant Sodini's building." It was held that this instruction was properly refused, the court saying: "In a case like the present, of a materialman furnishing materials to a contractor to be used in the erection of a building, the law contemplates a contract of purchase between these two, and that credit may be given to the latter, and whilst there is no contract, express or implied, between the former and the owner, or credit given to the owner, yet the law provides a lien upon the building as a security for the materialman in case the contractor fails to pay for the materials, and this is done without affecting the liability of the contractor on his contract of purchase, which still exists. Indeed, it was the liability to, and frequency of, loss sustained by mechanics and dealers in consequence of the employment of a middleman or contractor which induced the Legislature to give a lien on the building. Such being its character, and such the provisions of law for its enforcement, the mere fact that the materials were furnished on the credit of the contractor and not on the credit of the building, is not, in our opinion, either a waiver or an extinguishment of the lien."

In *Mallory* v. *LaCrosse, etc., Co.*, 80 Wis. 170, plaintiffs sought to enforce a lien for materials for an abattoir

being built by a contractor. The court, by Lyons, J., there declared: "We also think it quite immaterial that plaintiffs did not know, when they furnished such materials, that they were entitled to a lien for the unpaid price thereof upon the property of the defendant. Being subcontractors under Nicholas Bros., and having furnished the materials to be used (and which were used) in defendant's building, they may avail themselves of all valid statutory remedies, * * whether they knew or did not know the extent of those remedies, when they parted with their property."

In *Eufaula, etc., Co.* v. *Addyston Pipe, etc., Co.*, 89 Ala. 552, the doctrine is fully recognized that to give a lien the materials must be furnished for some particular building or improvement, but the court says: "It is equally well settled that there need be no stipulations for a lien, nor need the contract of supply be made with a view to charging the property."

The proposition is well put by Caldwell, J., in *Bassett* v. *Bertorelli* (Tenn.), 22 S. W. Rep. 423: "Complainants allege and prove that they furnished the materials to Larkin for use in the construction of a certain house for the defendant, and that he used them in the construction of that particular house. Those facts, without more, gave complainants an inchoate lien upon the property. It was not necessary to the creation of such lien that complainants should have had 'an understanding that they intended to claim' it. Nor is it important that they charged Larkin, personally, with the debt. They were entitled to both securities, his personal liability, and a lien on the property, and their reliance on the one did not impair their right to rely on the other also. They could not be put to an election between the two so long as their debt, or any part of it, remained unpaid. Nothing is shown to have been said between complainants

and Larkin, either about his personal obligation to pay the debt, or the liability of the property. That, however, is of no consequence, for the lien arose, as a matter of law, from the transaction itself, and his contract for the materials made him personally liable.''

That the materialman might, by the terms of his contract, waive his lien is undoubtedly true, or that his contract might be such as to create an estoppel is also true, but there is here no pretense of agreement to waive nor are there any facts which would create an estoppel. There is nothing to show that appellant was misled by any act or statement of appellee. *Albrecht* v. *Foster, etc., Lumber Co.,* 126 Ind. 318; *Hoagland* v. *Lusk,* 33 Neb. 376; Phillips Mech. Liens, section 117.

Counsel for appellants refer us to the text of 15 Am. & Eng. Encyc. of Law, p. 40, where it is stated that ''Persons furnishing on the credit of the contractor, materials used in building a house, have no lien therefor on the building.'' The only cases cited in support of the text are *Wisconsin, etc., Co.* v. *Grams,* 72 Wis. 275, which does not even tend in the remotest degree to sustain it and a number of cases from Pennsylvania. There the theory of the courts has been that, where material is furnished to a contractor for use in a building, the lien attaches when sold on the credit of the building, and the material is sold to the owner, and becomes his property, and he must pay for it even if not used in the building. *White* v. *Miller,* 18 Pa. St. 52.

No such doctrine can be sustained in Indiana where, as we have seen, the contractor is primarily liable, and the owner under no general personal liability, and his property liable secondarily only for such material as is not only furnished for, but also used in, his building.

Such authority can have no weight nor applicability in construing our statute.

*Doolittle* v. *Goodrich*, 13 Neb. 296, seems to decide only that the contractor was not the agent of the owner in purchasing the materials, and that this being true under the statute then in force, there was no lien.

So, also, in *Holmes* v. *Shands*, 27 Miss. 40, it is held that there is no lien unless the circumstances are such as to create a personal liability against the owner.

The statement of facts and law in *Wetherill* v. *Ohlendorf*, 61 Ill. 283, is so meager that we must confess our inability to determine just what is decided thereby.

Clearly, either the statutes of the States, or the construction placed upon them by their courts, are so different from our own that they can not be taken as a guide to the law of this State.

Counsel cite in support of their position section 116, Phillips Mech. Liens, which does indeed sustain it, but is founded solely on Mississippi and Pennsylvania cases.

In section 118 of the same book we find the law stated in harmony with our holding in this case.

*Ogden* v. *Kelsey*, 4 Ind. App. 299, does not aid appellant. It does not involve a mechanic's lien at all, and the proposition of law laid down goes no further than to sustain what we have already asserted, that to bind the property the improvement must be made by the authority and direction of the owner.

We are unable to find anything in *City of Crawfordsville* v. *Barr*, 45 Ind. 258, or in any other Indiana case, which sustains the proposition that the materials must be furnished on the credit of the building in order to authorize a lien, and that the lien is lost if they be furnished on the credit of the contractor.

To so hold would result in cutting off nearly all liens

Clark *et al. v.* Huey *et al.*

in favor of subcontractors and materialmen, and would also cut off all laborers and materialmen who, when they did the work or furnished the material, were ignorant of their right to the lien. Such is not, in our judgment, the law. On the contrary, when the work is done on the building for the contractor of the materials furnished to him to be used in that particular building, and they are so used, the laborer or materialman is entitled to a lien upon the filing the proper notice at the proper time, subject to his power to waive the lien by contract, or to estop himself from asserting it by acts which would create an estoppel in any other case; but simply furnishing the goods or doing the work on the order and credit of the contract or without any present intention of creating a lien is not a waiver nor an estoppel.

Judgment reversed at costs of appellees with instruction to grant a new trial.

Filed April 3, 1895.

### DISSENTING OPINION.

REINHARD, J.—The majority opinion adjudges a reversal for error in allowing the appellee $40.46 in excess of what he was entitled to recover. As this point was not made in the brief of appellant's counsel I think it should be regarded as waived. Moreover, if the finding is excessive in the amount stated, the appellee should be given an opportunity to remit the excess if he so desires.

Filed April 3, 1895.